Judges Deaderick, McFarland and Nicholson
joined in the following dissenting opinion:
It is ordained by the Constitution of the State that “all property, real, personal and mixed, shall be taxed according to its value, that value to be ascertained in such manner as the Legislature shall direct.” This provision was not intended to confer upon the *807 Legislature the power of taxation; that power is inherent in the Legislature, as the representative of- the sovereignty of the State. It was intended to be an imperative direction to the Legislature to subject all property to taxation, except that exempted by the Constitution, and to require that the taxation should be according to its value, but imposing upon the Legislature the duty of directing the manner in which the value is to be ascertained, so that taxes shall be equal and uniform throughout the State. It is obvious that this provision of the Constitution can not be practically operative until the Legislature has prescribed the manner of ascertaining the value of property. The question is, has the Legislature, by any act, directed the manner in which railroads or railroad corporations shall be assessed for taxation? They can only be taxed, after the Legislature has prescribed the manner of ascertaining their value. Their franchises, as well as their road-beds, rolling stock, &e., constitute, property, real, personal and mixed, and are therefore properly subjects of taxation. But, until the manner of ascertaining their value is prescribed, no valid assessment of them for taxation can be made. The Legislature, in 1873, undertook to discharge the duty imposed by the Constitution, by the passage of an act which decrees that “all property, real, personal and mixed, shall be assessed for taxation,” except such as is therein expressly exempted. This is but a repetition of the constitutional ordinance, and shows that it was the purpose of the Legislature to carry out that ordinance. The basis on which all assessments *808 of property are to be made is declared, and as to real property, it is to be assessed “at its market value, and to be assessed in tbe district or ward where situated, on a credit of one and two years, deducting fifteen per cent, in gross.” “In assessing real estate, the following shall be shown: 1, the description of the property; 2, the name of owner or owners; 3, the value of the land or town lots, including improvements; 4, the value of mills, manufactories, distilleries, various founderies, and other buildings used for similar purposes, Ac.” “In describing real estate, the following rules shall be observed: 1, the number of the town lots shall be given, the name of the street, avenue, alley or road on which it fronts, &c.; 2, if" the property is a part of any known sub-division, the number, &c.,' its size, dimensions, &c., shall be given; 3, In describing tracts of land, when it can be done, the surveyor’s district, range, township, &c., shall be designated, and the number of acres.” The act requires each assessor, in assessing in his district or ward, to commence at some corner or outside point of his district or ward, and assess the property in rotation as it joins, or lies contiguous to, property just assessed; and- proceed in some regular manner until he has made the circuit of his district or ward. He shall see each lot, tract or parcel of land, or otherwise obtain satisfactory information in regard thereto, &c. The provisions for the sale of real estate for unpaid taxes, require the real estate to be described as “tracts of land, town lots, and parts of town lots.” These are all the provisions of the act which can bear upon *809 the question under consideration, except the 25th section, which authorizes the chairman or judge of the county court, the clerk of the county court, the county trustee, sheriff, or tax-collector, of any county, upon information that any person, company, firm or corporation in said county have not been assessed as contemplated by the provisions of the act, to cite said person, company, firm or corporation to appear before them for the purpose of being assessed according to law. This section has no other effect than to provide for collecting assessments omitted or improperly made, in pursuance of this act. The question now is, did the Legistature intend, by the provisions of this act, to prescribe the manner of assessing railroads for taxation ? There is no direct allusion to the franchises, stock, road-beds, rolling stock or other property of railroad corporations, throughout the statute. If we assume that the locomotives and cars of railroads, as well as their corporate franchises, constitute real estate, then it' may be conceded that the language of the first section is broad enough to include railroads. It says: “All real estate shall be taxed.” But did the Legislature intend to include railroads as real estate? Our business is with the intention of the act. Is it possible that the Legislature could have intended to subject so vast an amount of property to taxation without directing specifically how its value was to be ascertained?- Every direction laid down in the act, as to the manner of assessing real estate, has special reference to town lots and tracts of land as constituting the only real estate *810 to be assessed. The value of the real estate to be assessed is its market value, on a credit of one and two years, deducting fifteen per cent, in gross. This is to be the value of the land, or town lots, including improvements. The town lots are to be described by numbers, streets, &e. The land is to be described by reference to the surveyor’s district, range, township, Ac. There is to be ah assessor for every civil district or ward, and he is- directed to commence at a corner or outside point of his district or ward. All this has manifest reference to land and town lots as the real estate intended by the Legislature. It is clear that there is no express direction in the statute as to the manner of assessing or ascertaining the value of the property of railroad corporations. This is a preliminary step to be taken by the Legislature before this property can be subjected to taxation, by the express provision of the Constitution.
But it appears that the authority for making the assessments, in the present case, is claimed for the county judge of Sumner county, by virtue of the provision of the 25th section of the act of 1873. That portion of the Louisville & Nashville railroad located in Sumner county was not assessed for taxation by the regular assessors. This fact coming to the knowledge of the county judge, he notified the railroad company to appear before him, for the purpose of being taxed “according to law.” He accordingly made the assessment now resisted by the railroad company. It is obvious that the assessment was not made in pursuance of the manner of ascertaining the value of *811 real estate prescribed in tbe statute. He assumes that tbe railroad, including its road-bed, engines and cars and franchises is real estate, and, as • such, subject to assessment. He ascertained the value of the whole road, with all its fixtures and franchises, by a rule entirely arbitrary, and then assessed the portion of the road located in Sumner county according to the value so ascertained. But the statute prescribes no such manner of ascertaining the value of. real estate for the purpose of assessment. We have seen that all the provisions of the statute, directing the manner of ascertaining the value of real estate, have special reference to the assessment of town lots and tracts of land, with their improvements, and that the assessment of a railroad as real estate, in pursuance of these provisions, would be wholly impracticable; hence it is that the county judge has adopted an arbitrary manner of making the assessment, under the assumption, we presume, that as the regular assessors had not assessed the railroad, he had the power to supply the omission, and in so doing, to exercise a discretion as to the manner of making the assessment. But the statute only authorized the county judge to make assessment in these cases where the regular assessor had omitted to assess “according to the provisions of the statute,” and, in express terms, he was required to assess “according to law.” No discretion whatever is given to him, but he was required to, make his assessment in the manner directed by the statute. It may be, and we think it is probably true, that the manner adopted by the assessor in ascertaining the *812 value of the railroad in Sumner county for assessment is a proper manner, but the Constitution imposes the duty upon the «Legislature to direct the manner of ascertaining the value of all real estate. Until this duty was performed by the Legislature, the county judge had no authority to adopt a manner not prescribed by the Legislature.